[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12663

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20934-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO RAFAEL SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 31, 2007)**

Before CARNES and WILSON, and STAGG,[*] District Judge.

PER CURIAM:

_____

[*]Honorable Tom Stagg, United States District Judge for the Western District of
Louisiana, sitting by designation.

After pleading guilty to one count of conspiring to possess with intent to distribute 5 or more grams of cocaine base and 500 or more grams of cocaine powder, Alejandro Rafael Sanchez was sentenced to 70 months imprisonment. He raises two issues on this appeal, one of which the government concedes.

The government acknowledges, as it should, that the district court committed plain error in sentencing Sanchez based on an erroneous pre-sentence investigation report that transposed the quantity of drugs for which Sanchez was responsible with the quantity of drugs attributed to Roberto Perez-Pupo, another drug dealer. For that reason, we must vacate Sanchez's sentence and remand the case to the district court for further proceedings.

The second issue Sanchez raises involves his contention that his rights under U.S.S.G. § 1B1.8 were violated. This contention is based on his assertion that the Miami Dade Police Department officers who arrested him promised him that if he cooperated any further evidence that they discovered would not be used against him. Other drugs were discovered as a result of Sanchez's cooperation and he argues that those drugs cannot be considered in calculating his base offense level. As a matter of fact, those other drugs were not actually considered in determining Sanchez's base offense level because, as we have explained in the preceding paragraph, the district court erroneously based his sentence on the drugs

2

attributable to another dealer.   That is an error which will be corrected on remand.

The § 1B1.8 issue may well come up again in the re-sentencing on remand, but it is not actually before us now because the only sentence that we do have before us was not actually affected by any asserted error involving that guidelines provision.  The error in transposing the drug quantities prevented § 1B1.8. from affecting the sentence that was actually imposed on Sanchez.

We do, however, take this opportunity to direct the district court to make findings concerning what, if anything, the police officers said to Sanchez about whether any drugs found as a result of his cooperation would not be considered against him at sentencing.  Sanchez maintains that statements of that nature were made, and the district court assumed that they were and rejected his argument, anyway.  If the issue is going to come back to us in an appeal from the re-sentencing, as it may, we would prefer to decide it based on facts instead of assumptions.

**VACATED** and **REMANDED**.[**]

---

[**]This case was originally scheduled for oral argument, but it was decided on the briefs and record alone pursuant to 11th Cir. R. 34-3(f).